UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN BRUCE,

    Plaintiff,

v.

                      CASE NO.:

PORT CHARLOTTE HMA, LLC,
d/b/a SHORE POINT HEALTH
PORT CHARLOTTE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Colleen Bruce ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Port Charlotte HMA, LLC, d/b/a Shore Point Health Port Charlotte ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law, and for violations of the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. Venue is proper in in this district because all of the events giving rise to these claims occurred in Charlotte County which is in this district.

## PARTIES

3. Plaintiff is a resident of Charlotte County, Florida.

4. Defendant operates a hospital in Port Charlotte, in Charlotte County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

15. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

16. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

## FACTS

17. Plaintiff began working for Defendant as an Ultrasound Technician in June 2007, and she worked in this capacity until September 20, 2022.

18. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff at a rate of $37.12 per hour, plus time and a half after the first eight hours of her two sixteen-hour shifts per week, plus Paid Time Off.

19. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including her bona fide meal breaks, specifically two (2) thirty-minute breaks per shift, during which time, Defendant required her to work and she was not completely relieved of her duties.

20. The pay due for Plaintiff's unpaid meal breaks, during which time she was not relieved of duties, constitutes "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

21. Defendant's failure to pay Plaintiff all of Plaintiff's wages, including her bona fide meal breaks, specifically two (2) thirty-minute breaks per shift,

during which time, Defendant required her to work and she was not completely relieve of her duties, was willful.

22. In or about June 2022, Plaintiff raised the issue of her breaks not being paid while she was not fully relieved of her duties. Defendant's response from its Chief Operating Officer was only that by Plaintiff's suggestion that she should be paid for that time, he assumed she would no longer be working there and did not want to keep her shifts.

23. On or about July 20, 2022, Plaintiff inquired to Human Resources Director Karen Mitchell ("Mitchell") about her working during break times that were unpaid. But no resolution was made.

24. On August 25, 2022, Plaintiff again emailed Eric Vazquez, ("Vazquez"), Market Director for Imaging Services, requesting her previous breaks all be paid.

25. On or about August 25, 2022, Vazquez responded to Plaintiff saying only that her breaks going forward could be uninterrupted but she would have to pass a phone off to someone else to cover for her.

26. Importantly, Vazquez did not respond to Plaintiff's requests for back pay of her interrupted breaks.

27. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

28. Further, Plaintiff suffered two workplace injuries during her tenure with Defendant.

29. In or about August 2021, Plaintiff sustained an injury when she contracted COVID-19 and was in need of oxygen and out of work for five (5) weeks.

30. Defendant did not inform Plaintiff that the patient she was treating was COVID positive and after contracting the virus, Plaintiff was severely ill.

31. Defendant at first contested Plaintiff's Workers' Compensation claim but ultimately relented.

32. Later, on or about March 19, 2022, Plaintiff was injured at work again. Specifically, Plaintiff injured her back when a patient pulled on her.

33. On or about March 19, 2022, Plaintiff notified Defendant of the injury that she had suffered at work.

34. Defendant sent Plaintiff to see the emergency room physician after her shift.

35. Plaintiff's diagnosis was a pinched FI joint and she was placed on light duty restrictions.

36. Defendant informed Plaintiff that there was no light duty available to her and that her physician needed to change her restrictions.

37. Plaintiff was later able to return to work.

38. However, upon her return, Defendant retaliated against Plaintiff.

39. First, Defendant significantly reduced Plaintiff's pay. Plaintiff previously received her hourly rate for the first eight hours of her sixteen-hour shift and was then paid time and a half for the second eight hours of her sixteen-

hour shift. Plaintiff worked two sixteen-hour shifts per week for a total of thirty-two hours. However, upon her return from light duty, Defendant took away Plaintiff's time and a half pay for her second eight hours of each shift.

40. Second, in or about June 2022, Defendant instructed Plaintiff that when she is not busy, she needed to do basic nursing support such as helping patients to the bathroom, and getting them drinks, for instance. However, Plaintiff pointed out that she was an Ultrasound Technician and had no training in nursing or personal care services and would not know if the patient could stand on their own or had choking risks. Plaintiff also pointed out that because she was the only Ultrasound Technician on duty for the entire hospital during her shift, she would not be able to watch her boards and respond appropriately to any STAT requests. When Plaintiff requested that such incidences would not be used against her if she did assist in nursing, Defendant would not absolve her of those infractions if they were to occur.

41. Under the FWCA, Plaintiff had valid claims for benefits for the injuries that she sustained at work or, in the alternative, Plaintiff reasonably believed that she had valid claims under the FWCA.

42. By attempting to pursue her right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

43. Specifically, Plaintiff filed her Workers' Compensation claim.

44. After Plaintiff returned from light duty, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA by reducing her pay and

requiring her to perform work that she neither qualified nor was capable of performing - all to ensure Defendant would have a pretextual reason for her termination.

45. Plaintiff later requested time off on August 28, 2022, due to the impending death of her mother-in-law. Defendant, for the first time in the fifteen (15) years that Plaintiff worked for Defendant required Plaintiff to call up other employees to find coverage for her shift. Plaintiff's mother-in-law died on August 30, 2022.

46. On September 6, 2022, Plaintiff was constructively discharged by Defendant.

## **COUNT I – UNPAID WAGES UNDER FLORIDA COMMON LAW**

47. Plaintiff realleges and readopts the allegations of paragraphs 1-14 and 17-27 of this Complaint, as though fully set forth herein.

48. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for Plaintiff's services.

49. Defendant failed to compensate Plaintiff with all "wages" owed to Plaintiff, including Plaintiff's unpaid meal breaks, during which time she was not relieved of duties.

50. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)    For such further relief as this Court deems just.

## COUNT II – WORKERS' COMPENSATION RETALIATION

51.    Plaintiff realleges and readopts the allegations of paragraphs 1-7, 15-18, and 28-46 of this Complaint, as though fully set forth herein.

52.    Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that she suffered at work.

53.    Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by decreasing her pay and requiring her to perform work that she neither qualified nor was capable of performing.

54.    Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f) For such further relief as this Court deems just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of November, 2022.

Respectfully submitted,

*s/ Amanda E. Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**DANIEL E. KALTER**
Florida Bar No.: 1025094
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**